United States District Court
Southern District of Texas
FILED

JAN 24 2020

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA § 
§
v. § CRIMINAL NO. B-19-1097
§
SYLVIA P. ATKINSON § 

## UN-SEALED Amended INDICTMENT

THE GRAND JURY CHARGES:

### Introduction

At all times material to this Indictment:

1. The Brownsville Independent School District ("BISD") was a public entity providing free elementary through high school education for students in Brownsville, Texas. BISD had the largest payroll and budget of any governmental entity in Cameron County, Texas and received the most federal financial aid of any such entity.

2. The BISD Board of Trustees was the main governing body for BISD. The BISD Board of Trustees consisted of seven board members and a superintendent. The board members were popularly elected by the citizens serviced by BISD. The BISD Board of Trustees controlled the annual BISD budget of approximately $520 million, approximately $100 million of which was federally funded. The BISD Board of Trustees supervised the BISD superintendent. The Board voted to award contracts to private vendors for construction, school supplies, insurance, and a variety of other goods and services.

3. The BISD Agenda was a record of proposed business for the BISD Board of Trustees. The publicly available BISD Agenda informed the public of the order and items of business that the BISD Trustees would entertain at each monthly BISD Board meeting.

4. The Rio Hondo Independent School District ("RHISD") was a public entity providing free elementary through high school education for students in Rio Hondo, Texas. Like BISD, RHISD received significant federal funding.

5. **SYLVIA P. ATKINSON** ("Defendant") served as the Vice President of the BISD Board of Trustees. In conducting official BISD business, Defendant regularly proposed items to be placed on the BISD Agenda and voted on Agenda items. Some of these Agenda items involved the award of contracts to private vendors.

6. The Cooperating Individual was a resident of Brownsville, Texas who has been assisting the Federal Bureau of Investigation (FBI) with public corruption investigations.

7. The Undercover was an FBI Task Force Officer who was operating in an undercover capacity.

## COUNT ONE
### (18 U.S.C. § 371 – Conspiracy)

8. Beginning in or around 2014 and continuing through the presentment of this Indictment, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the Defendant,

**SYLVIA P. ATKINSON,**

did knowingly combine, conspire, confederate and agree with others known and unknown to the Grand Jury, to commit offenses against the United States, namely:

a. did knowingly obstruct, delay, and affect in any way and degree commerce and the movement or articles and commodities in commerce by extortion, as those terms are

defined in Title 18, United States Code, Section 1951; that is, Defendant obtained property not due her or her office from the Cooperating Individual, the Undercover, and others, with their consent, under color of official right, in violation of Title 18, United States Code, Section 1951;

b. being an agent of BISD and RHISD, organizations and local governments, that each receive, in any one-year period, benefits in excess of $10,000 under a federal assistance program, did corruptly solicit and demand for the benefit of any person, and accept and agree to accept, anything of value from the Undercover, the Cooperating Individual, and others, intending to be influenced and rewarded in connection with any business, transaction, and series of transactions of such organization and local government involving anything of value of $5,000 or more, in violation of Title 18, United States Code, Section 666(a)(1)(B);

c. to use and cause the use of a facility in interstate commerce to promote bribery of a public official, in violation of Title 18, United States Code, Section 1952.

## Manner and Means of the Conspiracy

It was part of the conspiracy that:

9. Through various means, Defendant and others sought to use her positions as a BISD official, an RHISD official, and as an elected BISD Trustee to obtain money from private companies and private individuals in exchange for assistance in obtaining contracts with BISD or RHISD.

10. Defendant provided this assistance, in part, by causing items to be placed on the BISD Agenda for consideration or action by the BISD Board of Trustees. Defendant also used her official positions and influence to set meetings for private companies with BISD and RHISD.

3

11. In exchange for using her influence in contracting decisions at BISD and RHISD, Defendant demanded and received what were often alleged to be campaign contributions, but which in reality were bribes. Defendant did not report this money as campaign contributions, and Defendant either kept all or a portion of the money for herself.

12. At times, Defendant would cause funds to be distributed to finance the election campaigns of other local political candidates who, through their resulting loyalty to Defendant, would enhance Defendant's power in local politics, extend her influence on the BISD Board of Trustees, and enhance her ability to extract bribes in exchange for contracts.

13. Defendant sought to obtain bribes related to potential school-district purchases of computer tablets, medical teleconferencing services, tutorial services, and other goods and services. Defendant obtained bribes related to potential use of BISD property for a purported movie production project.

## Overt Acts of the Conspiracy

14. In furtherance of the conspiracy and to achieve the objects thereof, at least one of the co-conspirators committed or caused to be committed, in the Southern District of Texas and elsewhere, at least one of the following overt acts, among others:

**The Movie Project**

15. In or about December 2018, while Defendant was on the BISD Board of Trustees, Defendant agreed with the Cooperating Individual to assist a purported film production company to use BISD facilities to film scenes for a Hollywood movie in exchange for bribes from the production company to Defendant.

16. On or about December 18, 2018, the Undercover, acting as an alleged employee of a film production company scouting for locations to film, met for dinner in Brownsville, Texas

with the Cooperating Individual and Defendant. They discussed the possibility of filming in Brownsville at BISD properties.

17. On or about December 18, 2018, Defendant told the Cooperating Individual, "I'll get a couple of people to give me some quotes, because . . . You know it is not going to be . . . It is not going to be for free. . . . And the whole reason I mentioned about having you be the front . . . . It is because he can get you paid."

18. On or about December 19, 2018, Defendant met with the Cooperating Individual and the Undercover at the Cooperating Individual's office to discuss the movie project.

19. On or about December 19, 2018, Defendant, the Cooperating Individual, and the Undercover discussed placing an item on the agenda for the BISD Board of Trustees meeting in January related to the movie project. The Undercover explained that he and his partners would "have no problem with paying you for your services" and asked, "What do you think this whole thing will cost myself and my partners?" Defendant responded, "I can tell you it's probably gonna be, I would say, I would say, probably about ten," and explained, "I think that's that's pretty low . . . cause we're looking at the long picture . . . of us having a good relationship."

20. On or about December 19, 2018, the Undercover made an initial bribe payment to Defendant of $4,000 in exchange for Defendant placing the film project proposal on the agenda for a future BISD Board of Trustees meeting. Defendant promised to provide personal access to the Undercover "24/7" and to confirm the proposed agenda item, stating, "We'll send you a screen shot of the agenda . . . as soon as it gets posted."

21. On or about December 19, 2018, Defendant agreed that the Undercover would pay her the remaining $6000 after the film-project item was placed on the BISD Board meeting agenda,

5

stating, "like I said, that's gonna be, that's pretty much what we'll need in order to get this taken care of."

22. On or about January 17, 2019, Defendant emailed the Cooperating Individual the language that should be sent to the BISD Interim Superintendent requesting the film project be placed on the BISD Board of Trustees agenda.

23. At the direction of Defendant, on or about January 21, 2019, the Cooperating Individual submitted an item to be placed on the BISD consent agenda for the February BISD Board of Trustees meeting. The proposed agenda item, which was placed on the agenda, sought to have BISD collaborate with a private company to use BISD facilities for a film project.

24. On or about February 12, 2019, prior to the BISD Board meeting, Defendant coached the Cooperating Individual on "talking points" for the meeting, telling him to say the movie was a "short" or a documentary and to make the point that he would like to help promote the local area. She counseled him to "keep it as vague as possible."

25. At the BISD Board meeting on or about February 12, 2019, Defendant voted in favor of the movie production agenda item, which was approved by the Board by unanimous vote.

26. On or about February 19, 2019, the Undercover paid Defendant the remaining $6000 bribe, which Defendant confirmed was the amount she was owed. Defendant discussed the possibility of working with the Undercover in the future. The Undercover confirmed his willingness to pay bribes to get things done, and Defendant responded, "I can assure you that what you need to get done, in this area, will get done."

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### (Bribery Concerning Programs Receiving Federal Funds, 18 U.S.C. §§ 666 and 2)

27. The Grand Jury adopts, realleges, and incorporates herein the Introduction section of the Indictment and the Manner and Means and Overt Acts sections of Count One of the Indictment as if set out fully herein.

28. From on or about December 18, 2018, and continuing until on or about February 19, 2019, in the Southern District of Texas, the Defendant,

**SYLVIA P. ATKINSON,**

being an agent of BISD, an organization and local government, that receives, in any one-year period, benefits in excess of $10,000 under a federal assistance program, did corruptly solicit and demand for the benefit of any person, and accept and agree to accept, anything of value from the Undercover and others, intending to be influenced and rewarded in connection with any business, transaction, and series of transactions of such organization and local government involving anything of value of $5,000 or more.

In violation of Title 18, United States Code, Sections 666(a)(1)(B) and 2.

## COUNTS THREE-EIGHT
### (Travel Act-State Law Bribery, 18 U.S.C. §§1952 and 2)

29. The Grand Jury adopts, realleges, and incorporates herein the Introduction section of the Indictment and the Manner and Means and Overt Acts sections of Count One of the Indictment as if set out fully herein.

30. From on or about December 18, 2018, and continuing through on or about February 19, 2019, in the Southern District of Texas, the defendant,

**SYLVIA P. ATKINSON**

7

aided and abetted by others known and unknown to the Grand Jury, did knowingly use and cause the use of a facility in interstate commerce, as described in the counts listed below, with intent to otherwise promote, manage, establish, carry on and to facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that being bribery of a public official in violation of the laws of the State of Texas, Penal Code § 36.02(a), and thereafter performed and attempted to perform acts in furtherance of the unlawful activity.

| Count | Date | Defendant | Use of Facility in Interstate Commerce--Telephone |
|---|---|---|---|
| 3 | 12/19/2018 | **SYLVIA P. ATKINSON** | Text message from Defendant to the Undercover demonstrating the language that could be used as a BISD Agenda item for the film project. |
| 4 | 1/10/2019 | **SYLVIA P. ATKINSON** | Telephone call between Defendant and the Cooperating Individual regarding missing the deadline to get the film project placed on the upcoming BISD board agenda. |
| 5 | 1/10/2019 | **SYLVIA P. ATKINSON** | Telephone call between Defendant and the Cooperating Individual regarding the BISD board secretary placing the film project on the BISD agenda. |

| 6 | 2/2/2019 | SYLVIA P. ATKINSON | Telephone call between Defendant and the Cooperating Individual regarding how to request to get the film project placed on the BISD board agenda. |
| 7 | 2/12/2019 | SYLVIA P. ATKINSON | Telephone call between Defendant and the Cooperating Individual regarding how to explain the film project to the BISD interim Superintendent. |
| 8 | 2/13/2019 | SYLVIA P. ATKINSON | Telephone call between Defendant and the Cooperating Individual to discuss the passage of the BISD Agenda item on the film project. |

In violation of Title 18, United States Code, Sections 1952 and 2.

## NOTICE OF FORFEITURE

### 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)

31. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) through application of Title 28, United States Code, Section 2461(c), the United States gives notice to Defendant,

**SYLVIA P. ATKINSON,**

that upon conviction of a violation of Title 18, United States Code, Sections 371, 666 or 1952, all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses, is subject to forfeiture.

### Money Judgment and Substitute Assets

32. The United States gives notice that it will seek a money judgment against the Defendant. In the event that one or more conditions listed in Title 21, United States Code,

Section 853(p) exist, the United States will seek to forfeit any other property of the Defendant up to the amount of the money judgment.

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

RYAN K. PATRICK
UNITED STATES ATTORNEY

JODY YOUNG
Assistant United States Attorney

ROBERT S. JOHNSON
Assistant United States Attorney